UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARD OF TRUSTEES OF THE
EMPLOYEE PAINTERS' TRUST, *et al.*,

    Plaintiffs,

    v.

DIGITAL INTERIOR GROUP, LLC, *et al.*,

    Defendants.

CASE NO. 2:24-cv-00928-RSL

ORDER DENYING MOTION FOR
EMERGENCY STAY OF
GARNISHMENT

This matter comes before the Court on defendant Mario Bonilla's "Motion for Emergency Stay of Garnishment" (Dkt. 40) and plaintiffs' response (Dkt. 44). Having reviewed these filings, the related declaration (Dkt. 45), and the record herein, the Court DENIES the motion.

Defendant is identified in plaintiffs' complaint as the president of Digital Interior Group, LLC. Dkt. 1 at ¶ 14. Plaintiffs have submitted to this Court a copy of a "Judgment by Confession" that defendant signed in Sept. 2024, as president of Digital Interior Group, LLC. Dkt. 45 at 14, 20. Plaintiffs have also submitted a copy of an "Oath and Verification" that defendant signed on Sept. 30, 2024, "individually and as Officer, Director, Member, and Governing Person of DIGITAL INTERIOR GROUP, LLC." *Id*. at 22. In the instant

ORDER DENYING MOTION FOR EMERGENCY STAY OF
GARNISHMENT - 1

motion, defendant alleges that irreparable harm is "being caused to my business operations" by "the writ of garnishment currently being enforced" in this matter. Dkt. 40 at 1. Defendant signed the instant motion as "Mario Bonilla, Defendant, Digital Interior Group, LLC." *Id*. at 2. Therefore, the Court finds it possible, and perhaps probable, that defendant filed the instant motion on behalf of Digital Interior Group, LLC.

"A corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–202 (1993)). *See also* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). To the extent defendant filed the instant motion on behalf of Digital Interior Group, LLC, the motion is denied because defendant has offered no indication that he is a licensed attorney admitted to practice before this Court. Dkt. 40. *High Country Broad. Co.*, 3 F.3d at 1245 (9th Cir. 1993); LCR 83.1(a), 83.2(b)(4).

Alternatively, if defendant filed the instant motion on behalf of himself only, defendant's contention that he "was not fully aware of the current status of this matter" is contradicted by the record in this matter and defendant's contentions of hardship are unsupported. Dkt. 44 and 45. Therefore, if defendant filed the instant motion on behalf of himself only, the motion is denied. In the event that defendant filed the instant motion on behalf of both himself *and* Digital Interior Group, LLC, the motion is denied for the reasons stated above.

ORDER DENYING MOTION FOR EMERGENCY STAY OF
GARNISHMENT - 2

These denials are issued without prejudice to defendant coming back to this Court with a new motion once legal counsel is retained. *See* Dkt. 40 at 1 (Defendant stating: "I am actively working to retain legal counsel and intend to file a motion to vacate judgment and respond appropriately to this matter.").

Therefore, for all the foregoing reasons, the Court DENIES defendant's motion. Dkt. 40.

IT IS SO ORDERED.

Dated this 23rd day of April, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR EMERGENCY STAY OF
GARNISHMENT - 3